E. MEYER, Appellee, v. H. A. BAIRD AND JOHN G. WOODARD & COMPANY, Appellants.

Fraudulent Sale of Goods: ADMISSIBILITY OF EVIDENCE. Error in
1   the exclusion of evidence is cured by the subsequent admission of testimony covering the same point.

Instructions: USE OF CONJUNCTIVE "AND" FOR DISJUNCTIVE "OR."
2   In a suit by a vendee against an attaching creditor of the vendor, the error in an instruction that if the parties to the sale intended thereby to hinder, delay "and" defraud creditors, is harmless, where the same instruction in other paragraphs contains the disjunctive "or".

Exemplary Damages: INSTRUCTION. Where the verdict is against
3   a claim for exemplary damages, error in instructing on the claim is harmless.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

FRIDAY, MAY 22, 1903.

ACTION at law to recover damages for the levy of an attachment upon goods. Judgment for plaintiff, and defendants appeal.—*Affirmed.*

*Flickinger Bros.* for appellants.

*F. W. Miller* and *Saunders & Stuart* for appellee.

WEAVER, J.—A firm, styled "Crawford & Young," owned a small stock of goods in Council Bluffs, and were indebted in the sum of about $40 to the defendants John G. Woodard & Co. On August 1, 1900, plaintiff claims to have purchased the entire stock of goods from Crawford & Young, taking from them a bill of sale thereof, and to have gone into possession about three o'clock in the afternoon of that day. Later in the day Woodard & Co. sued out a writ of attachment, under which Baird, as constable, seized a part of the goods. Plaintiff thereupon brought this action to recover the value of the property taken and for exemplary damages. Defendants deny the purchase by plaintiff, and allege that the pretended sale to him was made in fraud of the creditors of Crawford & Young. Plaintiff recovered judgment for the value of the goods, $84.20, without other damages, and defendants appeal. The errors alleged relate wholly to rulings by the trial court upon the admission of testimony and to instructions given and refused.

Defendants' collector, as a witness in their behalf, testified to presenting the claim to Crawford & Young for payment about nine o'clock a. m. of the day of the attachment, and was asked by counsel whether payment was refused. Answer to this question was ruled out on plaintiff's objection. We think it should have been admitted as having some bearing upon the alleged fraud of Crawford & Young in making the sale. The error in its exclusion was sufficiently cured, however, by allowing the same witness thereafter to describe no

1. ADMISSIBILITY of evidence.

less than five or six subsequent visits and unavailing de-
mands of payment made by him at frequent intervals
during the day. This testimony makes plain all that the
excluded answer could possibly have revealed.

Other objections made to the court's rulings are of a
trivial character, and involve no prejudicial error.

As to the instructions requested by the appellants, it
is sufficient to say that, so far as they involve correct
principles, they are embodied substantially in the charge
of the court. In paragraphs five and six of
the charge the court, in attempting to state
the familiar rule as to sales and conveyances

2. INSTRUC-
TIONS: use of
"and" for
"or."

made in fraud of creditors, said to the jury that if the
parties, in making such purchase and sale, intended
thereby "to hinder, delay, and defraud the creditors of
Crawford & Young," the transaction was void as against
the writ of attachment. This expression is criticised be-
cause of the use of the word "and" instead of "or" in the
quoted sentence. It will be conceded that to establish
fraud, as that word is here used, the law required the
creditor to do no more than prove the intent of the parties
to hinder or to delay or to defraud, and that, if either of
these conditions be established by the evidence, the
attachment must be sustained. It follows that, if we look
alone to this particular clause of the charge, it must be
held erroneous. We think, however, when the entire
charge is read, it is quite clear that "and," as here em-
ployed, has the force and effect of "or," and that the jury
could not have have been misled by it. The jury were
elsewhere clearly told that, if they found from the evi-
dence "that Crawford and Young did make the transfer
to plaintiff for the purpose of hindering, delaying, or
defrauding their creditor," and that palintiff participated
in such wrongful design, or had knowledge of it, or knew
facts and circumstances from which, as a reasonable man,
he ought to have inferred the same, then he was not en-

titled to recover. This thought is repeated more than once in the course of the instructions, and it is beyond comprehension that the jury should have given the court's language the interpretation placed upon it by the appellant. The several paragraphs are not contradictory, but are rather mutually explanatory. They are, in effect, as if the court had said to the jury: "The causes which will render a sale void are, first, intent to hinder; second, intent to delay; and, third, intent to defraud the creditors of the seller. If, then, you find that either of these essential facts has been established by the evidence, and plaintiff knew, or ought to have known, of such wrongful intent, the sale to him must be treated as void, and he cannot recover;" and this, we think, is the law as applicable to the issues in this case.

The instructions as to the manner and sufficiency of a levy of an attachment are not objectionable. Appellant, in discussing this question, assumes as undisputed that a levy was in fact made before any change occurred in the possession of the goods, and without any notice of the plaintiff's purchase. The record does not bear out this assumption. Both propositions are the subject of dispute in the testimony, and were properly submitted to the jury.

It is further said the court erred in instructing the jury upon the plaintiff's claim for exemplary damages. 3. EXEMPLARY damages: instruction. The jury having found in appellant's favor upon the claim for such damages error, if any, in the submission of that issue, was without prejudice.

The judgment of the district court is AFFIRMED.